IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD MONTALVO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 10-cv-7044 |
| vs. ) | |
| ) | Hon. Judge Gettleman |
| P.O. John A. Adreani, STAR No. 6185, ) | |
| P.O. Angelo Travlos, STAR No. 16236, ) | Magistrate Judge Brown |
| each individually, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>CERTAIN DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>**

NOW COME the Defendants, Officer Angelo Travlos, Officer Noel C. Liboy, Officer Gregory G. Zullo and Officer Juan H. Martinez ("Defendants"), by their attorneys, Richard J. Sikes, Jr., Johner T. Wilson III and Daley Mohan Groble, P.C., and pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court for entry of dismissing Plaintiff Richard Montalvo's First Amended Complaint. In support, Defendants state:

**INTRODUCTION**

1. Plaintiff, Richard Montalvo has filed an amended complaint alleging that he was arrested on November 3, 2008 pursuant to a search warrant executed by Defendants. The amended complaint indiscriminately sprays two separate causes of action against thirteen individual defendants and the City of Chicago.[1] Plaintiff completely fails to identify, with any modicum level of specificity, the alleged acts of misconduct on the part of any of Defendants

---

[1] The amended complaint brings the following count: Count I – Unreasonable Search and Seizure, and Count II – *Monell* claim against the City of Chicago for failure to train, supervise and discipline officers in relation to securing search warrants.

1

herein. Therefore, Defendants move to dismiss count I of the amended complaint that purports to bring a claim against them.

## LEGAL STANDARDS

2. A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged complaint fails to state a claim upon which relief can be granted. Corcoran v. Chicago Park District, 875 F.2d 609, 611 (7th Cir. 1989). In considering a motion to dismiss, the court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. Barnes v. Briley, 420 F.2d 673, 677 (7th Cir. 2005). The court however is not obligated to accept a complaint that merely raises the possibility of relief. EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

3. Under Fed. R. Civ. P. 8(a), a court must determine whether a complaint states a claim "that is plausible on its face." Rao v. BP Products North America, Inc., 589 F.3d 389, 398 (7th Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Justice v. Town of Cicero, 557 F.3d 768, 771 (7th Cir. 2009). "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" do not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (further citation omitted). In light of Twombly and Iqbal, courts need not accept conclusory statements of law or non-specific factual allegations. Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).

4. Further, a court should not strain to find inferences not plainly apparent from the face of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). A court is not obligated to accept unsupported conclusions of fact or assertions involving mixed allegations of fact and law. Hickey v. O'Bannon, 287 F.3d 656, 658 (7th Cir. 2002). Further, the factual

allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. Concentra Health, 496 F.3d at 776 (quoting Twombly, 127 S.Ct. at 1965, 1973 n. 14 (2007)).

**ARGUMENT**

5. Despite the low threshold of federal liberal pleading standards, the amended complaint fractures elementary requirements of Rule 8 and fails to give Defendants fair notice of the claims against them, the basis of such claims and the relief sought against them. To start, "[a] complaint's ability to survive a Rule 12(b)(6) challenge inevitably turns on its ability to satisfy Rule 8 of the federal Rules of Civil Procedure – the general rules of pleading a claim for relief." Lekas v. Briley, 405 F.3d 602, 606 (7th Cir. 2005).

6. In pleading a claim, Rule 8 only requires a plaintiff to follow three simple steps: (1) give a short and plaint statement of the grounds for the court's jurisdiction; (2) provide a short and plaint statement of the claims showing that the pleader is entitled to relief; and (3) make a demand for the relief sought. Fed.R.Civ.P. 8(a). The purpose behind Rule 8 is to ensure that both the defendant and the court have fair notice of the claims alleged. See Wade v. Hopper, 993 F.2d 1246, 1249 (7th Cir. 1993). "A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775-76 (7th Cir. 1994). Thus, a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is that the plaintiff is claiming. Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990).

7. In what is becoming an all too often occurrence, instead of pleading a plain statement of his claim against Defendants, plaintiff deploys sweeping undifferentiated

allegations of particular and broad misconduct to charge and obtain relief from Defendants under the collective label of "Chicago Police Officers" or "Executing Officers." This manner of pleading is utterly deceptive and by all indications designed to trap Defendants into making an admission against their respective interests. To be sure, when it counts, there are no liberal standards when it comes to admissions and failures to admit or deny a complaint's allegations.

8. In the end, the question in a Rule 12(b)(6) motion is whether the complaint gives the defendant fair notice of a claim and the grounds on which the claim rests. *See*: Twombly, U.S. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992 (2002); Mosely v. Board of Education of City of Chicago, 434 F.3d 527, 533 (7th Cit. 2006). In this case, the genesis of both counts of the complaint relate to the attainment of a search warrant for plaintiff and certain areas on the premises of 1642 West Le Moyne in Chicago, Illinois, and his arrest incident to the execution of said search warrant on November 3, 2008. (Dkt. 29, para. 1). Generally, plaintiff pleads that starting with the attainment of the search warrant by defendant John Adreani, the twelve (12) individual defendants, together as a group, engaged in a series of overt acts to accomplish a complex scheme, which they as a group planned, to frame plaintiff for criminal activity on the subject property. (Dkt. 29, para. 1-3). To this end, the amended complaint levels a number of allegations of misconduct against defendant Adreani (Dkt. 29, para. 52-60); however plaintiff remarkably and conspicuously avoids pleading any particular role Defendants had in the overt acts, scheme or in otherwise causing plaintiff's alleged injuries. In fact, except for one single paragraph that simply states Defendants participated in the execution of the search warrant, the perfunctory identification of each as a Chicago Police Officer, and the general tasks assigned to certain Defendants, there is practically no mention of Defendants by name in any of the 69 paragraphs of the amended complaint. (See Dkt. 29, para. 8-20 and 22-25).

9. In a text book example of plaintiff's failure to afford Defendants notice of his claims, plaintiff, in his action for unreasonable search and seizure, count I, pleads that *[t]he Chicago Police Officers' conduct in obtaining the unlawful warrant and incident to the unlawful warrant violated Mr. Montalvo's constitutional right to be free from unreasonable searches and seizures* (Dkt. 29, para. 61). Such a generalized allegation utterly fails to afford Defendants notice of whether they are subject to an unreasonable search and seizure claim, and has been rejected by other courts. See: Crumpacker v. Civiletti, 90 F.R.D. 326 (N.D. Ind. 1981) (dismissing cause of action where pleading consisted of bare conclusions that illegal searches occurred and did not allege nature of defendants conduct).

10. It is well settled that individual liability under Section 1983, no matter what the constitutional theory, must be based on personal responsibility. See: Schultz v. Baumgart, 738 F.2d 231, 238 (7th Cir. 1984). In other words, a defendant is only liable under Section 1983 if he or she was personally involved in the alleged constitutional violation. Alejo v. Heller, 328 F.3d 930, 936 (7th Cir. 2003); *see also* Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault."); Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986) ("an *individual* cannot be held liable in a Section 1983 action unless he caused or participated in an alleged constitutional deprivation") (emphasis in original) (internal quotation marks omitted); *see also* Wolf-Lillie, 699 F.2d at 869. This rule of law is consistent with the mandate of Rule 8. Thus to state a claim under Section 1983 against Defendants, plaintiff must give them notice of their personal involvement in the misconduct that the claims are based upon. *See* Alejo, F.3d at 936; *see* Fed.R.Civ.P. 8(a)(2).

11. As to Defendants, there are no factual enhancements whatsoever in support of plaintiff's swath of undifferentiated claims. Plaintiff claims that defendant Adreani met with the confidential informant. (Dkt. 29, para. 26). Plaintiff does not state that any of the Defendants were present during this meeting. The confidential informant provided information concerning plaintiff's criminal activity to defendant Adreani. (Dkt. 29, para. 27). Plaintiff does not state that any of the Defendants received any such information from the confidential informant. Upon receipt, defendant Adreani made little effort to investigate the validity of the information. (Dkt. 29, para. 29-30, 32-33, and 35-37). Plaintiff does not claim that any of the Defendants failed to investigate the validity of the information provided. According to plaintiff, Defendant Adreani prepared an affidavit pursuant to the information provided by the confidential informant that was necessary to secure the search warrant. (Dkt. 29, para. 58). Plaintiff does not state that any of the Defendants provided affidavits in furtherance of obtaining a warrant. The confidential informant testified under oath to the information provided to Defendant Adreani and a search warrant was issued. (Dkt. 29, para. 58-59). Notably, plaintiff fails to allege, with any specificity, any wrongful acts any of the Defendants took, or role any of them played, in securing the search warrant. In fact, the only claim plaintiff advances against Defendants is that they executed a search warrant issued by the Circuit Court of Cook County, Illinois. A complaint does not suffice if it tenders "naked assertions" devoid of "further factual enhancement." Iqbal, 129 S. Ct. at 1949. All claims of alleged misconduct advanced by plaintiff point to defendant Adreani, and none of the Defendants. Defendants therefore have no means of determining the grounds upon which plaintiff rests his claims against them. *See* Twombly, 550 U.S. at 555.

The remaining allegations relating to unreasonable search and seizure are indiscriminately directed to all of the named defendants, including the City of Chicago. As

stated above, Section 1983 creates a cause of action only for acts in which the named defendant personally caused or actively participated in some fashion; and indiscriminately grouping or lumping defendants into a Section 1983 claim is insufficient to meet the requirements of Rule 8. *See*: Alejo, 328 F.3d at 935-36; Sanville, 266 F.3d at 739-40; Kelly, 97 F.3d at 909; *see also*: Twombly, 550 U.S. at 555; *see* Fed.R.Civ.P. 8(a)(2).

As shown by the above, plaintiff's amended complaint fails to satisfy basic pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and all counts plead against Defendants should be dismissed pursuant to Rule 12(b)(6) for failing to state a cause of action. Fed.R.Civ.P. 8(a) and 12(b)(6).

## CONCLUSION

Defendants are cognizant of the liberal notice pleading standards afforded a plaintiff in pleading a complaint; however here the plaintiff has gone too far. Even under the most liberal standard, if plaintiff has a claim to make against Defendants, he should identify the claim and state the basis on which his claim rests. To indiscriminately group Defendants together and fail to identify the relief sought against each of them is unreasonable, prejudicial and impermissible. *See*: Fed.R.Civ.P. 8.

WHEREFORE, for the above reasons, Defendants Angelo Travlos, Noel C. Liboy, Gregory G. Zullo and Juan H. Martinez respectfully requests the amended complaint be dismissed.

Dated: June 30, 2011

Respectfully submitted,

Defendant Police Officers and City of Chicago

By:     /s/ Johner T. Wilson III
        Johner T. Wilson III
        Daley Mohan Groble, P.C.
        55 West Monroe, Suite 1600
        Chicago, Illinois 60603
        Telephone: (312) 422-9999
        Attorney No. 6278797

## **CERTIFICATE OF SERVICE**

       I, Johner T. Wilson III, an attorney, hereby state that before 5:00 p.m. on June 30, 2011, I served a copy of the foregoing **CERTAIN DEFENDANTS' MOTION TO DISMISS** upon the following attorney of record by utilizing this Court's CM/ECF filing system:

Christopher Mickus
Brian Cohen
Sarah Malia
Neal Gerber Eisenburg
Two North LaSalle St.
Suite 1700
Chicago, Illinois 60602

                                        /s/ Johner T. Wilson III
                                        Johner T. Wilson III
                                        Daley Mohan Groble, P.C.
                                        55 West Monroe, Suite 1600
                                        Chicago, Illinois 60603
                                        Telephone: (312) 422-9999
                                        Attorney No. 6278797