IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD MONTALVO, ) | |
| ) | |
| Plaintiff, ) | No.  10 C 7044 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| JOHN A. ADREANI, P.O. Star #6185; ) | |
| ANGELO TRAVLOS, P.O. Star #16236; ) | |
| DAVID N. PEREZ, P.O. STAR #15791; ) | |
| LUIS A. MARIN, P.O. Star #19521; ) | |
| ANGEL A. COLINDRES, P.O. Star #19764; ) | |
| GREGORY G. ZULLO P.O. Star # 6727; ) | |
| JUAN H. MARTINEZ P.O. Star #7952; ) | |
| DAVID E. OLIVARES P.O. Star # 15135; ) | |
| ROBERT LOPEZ, P.O. Star #5256; ) | |
| SEAN M. RONAN, P.O. Star #2040; ) | |
| SEAN R. LOUGHRAN, Lieutenant (Supervisor) ) | |
| Star # 540; NOEL C. LIBOY, P.O. Star # 13447; ) | |
|  HENRY B. VIA, P.O. Star #12218, all in their ) | |
| official and individual capacities; and ) | |
| the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Richard Montalvo filed a two-count first amended complaint under 42 U.S.C. § 1983, alleging that thirteen Chicago police officers falsely arrested him based on an invalid search warrant (Count I), and that the City of Chicago developed and maintained unconstitutional polices, customs, and/or practices, and failed to train, supervise, and discipline its police officers, in violation of Monell v. New York Dep't of Soc. Servs., 436 U.S. 658 (1978) (Count II).  Twelve of the thirteen individual defendants—all except for John Adreani—have filed the instant motion to dismiss the claim against them in Count I, pursuant to Fed. R. Civ. P. 12(b)(6).  For the following reasons, that motion is granted.

## FACTS[1]

Based on information provided by an unidentified informant, defendant Adreani obtained a search warrant for the third floor and attic of an apartment building located at 1642 West LeMoyne Street in Chicago, Illinois. Plaintiff and his young daughter lived on the second floor of that building. On November 3, 2008, defendants Angelo Travlos, Noel Liboy, David Perez, Luis Marin, Angel Colindres, Gregory Zullo, Juan Martinez, David Olivares, Robert Lopez, and Sean Ronan (the "executing officer defendants") executed the search warrant. They searched the second floor, third floor, and attic. Defendant Sean Loughran was the supervising lieutenant in charge of the execution of the search warrant, and defendant Henry Via was the evidence supervisor for evidence seized in the execution of the warrant.

After finding "random ammunition" in the attic, the executing officer defendants handcuffed plaintiff and arrested him in front of his daughter. Plaintiff was taken to the Cook County Jail and charged with unlawful possession of ammunition. He was later transferred to the Stateville Correctional Facility as a pretrial detainee. On October 21, 2009, the charges against plaintiff were dismissed, and he was released, after 282 days' incarceration.

## DISCUSSION

### I. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In

---

[1] The following facts come from plaintiff's complaint, and the court accepts them as true for purposes of evaluating defendants' motion to dismiss.

evaluating a motion to dismiss, the court thus accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citations omitted). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," id. at 555, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In addition, its allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Twombly, 550 U.S. at 555, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (explaining that Twombly's pleading principles apply in all civil actions).

## II.  Defendants' Motion to Dismiss

The moving defendants contend that the complaint fails to state a claim against them because it makes no specific allegations of their personal involvement. They are correct. A plaintiff bringing a § 1983 claim must allege that the defendant was personally involved in depriving the plaintiff of his constitutional rights. E.g., Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Here, plaintiff's complaint includes a number of allegations describing defendant Adreani's individual involvement in obtaining a search warrant. Plaintiff, however, fails to include any specific, individualized allegations for the moving defendants. The lone allegations against them are:

> The Chicago Police Officers' conduct in obtaining the unlawful warrant and incident to the unlawful warrant violated [plaintiff's] constitutional right to be free from unreasonable searches and seizures.

> and

> As a result of the Chicago Police Officers' actions, [plaintiff] was wrongfully arrested, incarcerated for 282 days, and suffered various injuries.

These are skeletal legal conclusions (which the court is not instructed to accept as true) and "formulaic recitation[s] of the elements of a cause of action" that do not suffice after Twombly. They are not the type of factual allegations of individualized involvement that are required to state a §1983 claim. Absent specific allegations of these defendants' personal involvement—for example, specifying what the individual officers' "conduct . . . incident to the unlawful warrant" was and what "actions" they took—the complaint cannot survive the moving defendants' request that the court dismiss the claim against them.

Plaintiff responds that because defendants Ronan and Via filed answers and affirmative defenses,[2] the complaint's allegations must have been sufficiently specific to inform them of the nature of their alleged involvement. But plaintiff incorrectly assumes that defendants' motion relies upon a claim that they could not file an answer because the complaint failed to apprise them of the allegations against them. Whether a defendant is capable of interpreting and answering a complaint does not determine whether the complaint has stated a viable § 1983 claim. Here, the complaint simply fails to allege with any specificity that these defendants were personally involved in depriving plaintiff of a constitutional right. Even although the moving defendants are clearly capable of comprehending the broad sweep of the allegations—namely, that an unlawfully obtained search warrant led to plaintiff's arrest and protracted pretrial detention—that does not mean that the complaint has stated how those defendants personally

---

[2] On July 6, 2011, the court granted defendants Via and Ronan's motion to withdraw their answers and join the instant motion to dismiss.

participated in the alleged constitutional deprivation, and thus that it has sufficiently alleged § 1983 claims against them.

Plaintiff further argues that defendant Via's answer contained admissions "reveal[ing] that he may have been directly involved," and that this withdrawn pleading (along with defendant Ronan's answer) is admissible as an evidentiary admission that can be considered for purposes of the instant motion. The "admissions" upon which plaintiff relies, however, merely repeat the allegations in the complaint and "admit" only what defendant Adreani included in the affidavit accompanying his warrant application, which the complaint described. Nothing in defendant Via's answer reveals his personal knowledge or his involvement in obtaining the search warrant. Because this answer does not indicate that defendant Via (or defendant Ronan, or any other moving defendant) had personal involvement in depriving plaintiff of his constitutional rights, it could not save plaintiff's flawed complaint, even if the court were to consider it.

Finally, plaintiff attempts to excuse his inadequate pleading by claiming that, although the complaint reflects his limited knowledge of the moving defendants' personal involvement, discovery will reveal additional facts currently within defendants' exclusive knowledge, possession, and control. This argument cannot, however, relieve him of the burden of sufficiently alleging his § 1983 claim, nor does he provide any legal authority to support such a position.

**CONCLUSION**

Thus, for the foregoing reasons, the court grants defendants' motion to dismiss the claims against them, leaving Count I against defendant Adreani and Count II against the City of Chicago.


**ENTER:** August 19, 2011

_____
**Robert W. Gettleman
United States District Judge**