**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD MONTALVO, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-CV-7044 |
| | ) | |
| vs. | ) | |
| | ) | |
| Chicago Police Officer John A. Adreani, | ) | Judge Gettleman |
| Star No. 6185, and the City of Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

**CITY OF CHICAGO'S MOTION TO BIFURCATE
§ 1983 CLAIMS AND TO STAY DISCOVERY AND TRIAL ON THOSE CLAIMS**

Defendant, the City of Chicago ("City"), by its attorneys, Richard T. Sikes, Jr., Johner T. Wilson III, and Daley Mohan Groble, P.C., move the Court pursuant to Federal Rules of Civil Procedure 42(b) to (1) bifurcate plaintiff's § 1983 claims against it, and (2) stay discovery and trial of those claims.  In support, the City states:

1.     Plaintiff, Richard Montalvo, has filed this action against the City of Chicago and certain Chicago police officers alleging a violation of his civil rights under 42 U.S.C. § 1983.[1] This case arises from an arrest of plaintiff pursuant to a search warrant on November 3, 2008 and alleged injuries incurred in conjunction therewith.  Plaintiff alleges Defendant-Officer John Adreani violated his constitutional rights.  As against the City, plaintiff brings a claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), alleging the City has multiple policies and practices that caused this alleged constitutional violation.

---

[1] On August 19, 2011, the Court granted certain defendants' motion to dismiss, effectively dismissing twelve of the thirteen previously named individual defendants.

2.      Pursuant to Rule 42(b), the City moves this Court to (1) bifurcate *Monell* claims against the City from the constitutional claim against Adreani, and (2) stay discovery and postpone trial on the *Monell* claims until the resolution of all claims against Adreani.   The common-sense, pragmatic values embodied in Rule 42 (b) favors granting this motion.   Not only will unduly burdensome discovery be avoided, but there may also be no need for a lengthy and unnecessarily complex trial on the City's liability that would dwarf a significantly shorter trial on the claim against Adreani – the only claim for which plaintiff can be compensated for his alleged constitutional injuries.   Any undue prejudice to Adreani will be avoided, and plaintiff will be relieved of the burden of having to establish municipal liability in order to obtain entry of judgment against the City on his § 1983 claim, as long as he proves his constitutional rights were violated by Adreani.   The City's motion allows counsel for the parties to fulfill their professional duty to "seek resolution of disputes at the least cost in time, expense and trauma to all parties and to the court."[2]   Accordingly, for the reasons explained in detail below, the City asks this Court to grant this motion.

## DISCUSSION

3.      District courts have broad discretion in ordering the bifurcation of a plaintiff's claims as part of their inherent power to control their docket.  *See Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).   Rule 42(b) allows district courts to separate the trial of any issue if separation is warranted "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."  *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994).   Importantly, only "one of these criteria need be satisfied for a court to order a separate trial."  *Id*.  Here, bifurcation of the *Monell* claims and stay of discovery related to these

---

[2] Preamble to the Illinois Rules of Professional Conduct.

claims best serve the interests identified in Rule 42(b) of avoidance of prejudice, convenience, expedition, and economy.

**A.    Bifurcation best serves the interests of litigation and judicial economy.**

4.    Bifurcation allows the City to avoid potentially unnecessary discovery and litigation costs should plaintiff fail to establish a constitutional violation and thus, as a matter of law, be unable to prove any *Monell* violation.  *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Treece v. Hochstetler*, 213 F.3d 360, 361 n.2 (7th Cir. 2000), *quoting Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998); *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 597 (7th Cir. 1997); *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994).  *See also Neibur v. Town of Cicero*, 212 F. Supp. 2d 790, 826 (N.D. Ill. 2002) (Closely adhering to the *Heller* and *Treece* decisions).  These costs primarily take the form of producing thousands of documents, producing Rule 30(b)(6) witnesses for deposition, and retaining and defending against expert witnesses.  Bifurcation "permits a bypass of discovery relating to the municipality's policies and practices, which…can add significant time, effort, and complications to the discovery process."  *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000) (Kennelly, J.).  The significant burden of such anticipated discovery is especially apparent in this case when one examines the broad, wide-ranging *Monell* allegations of plaintiff's amended complaint.  (*See* Amended Complaint, Dkt. # 29 at ¶¶ 65-68).  Discovery on such broad *Monell* issues will be expensive and time-consuming.  Considering that discovery on these claims may ultimately be unnecessary, there is simply no reason the parties should be burdened with conducting such discovery when it is not necessary in order to resolve plaintiff's claims.

5.    Granting the City's motion also promotes judicial economy, and thus protects this Court's interests.  Bifurcation of the *Monell* claims eliminates the need for (1) judicial

3

intervention in discovery disputes arising from these claims, which can be frequent and, in this case, are likely to be contentious; (2) ruling on the summary judgment motion that the City, in good faith, is likely to bring; and (3) if the motion for summary judgment is denied, presiding over a trial that will definitely be lengthier, and legally and factually more complex if the jury is allowed to hear evidence on plaintiff's allegations of a pattern, practice, custom, or policy. *See Medina*, 100 F. Supp. 2d at 895 (the "trial of the claims against the individual officers is…likely to be shorter, and perhaps significantly shorter, than a trial also involving *Monell* claims"). Indeed, the Seventh Circuit has explicitly endorsed bifurcation as a means to avoid "the waste of the valuable time and resources of the court," as well as of serving the interests furthered by Rule 42(b). *See Treece*, 213 F.3d at 365. For this reason alone – and one reason suffices – this Court should grant the City's motion.

**B.      Bifurcation will help prevent undue prejudice.**

6.      The possibility that claims against Adreani and the City could go to trial at the same time raises the issue of severe prejudice to Adreani. Rule 42(b) specifically identifies avoidance of prejudice as grounds for bifurcation. Bifurcation of *Monell* claims from claims against an individual defendant protects the individual defendant from the possible prejudice caused by the introduction at trial of extensive and extraneous evidence regarding alleged policies or practices in which he was not involved. Indeed, prejudice may arise if the trial of the alleged misconduct of the named defendant is obscured and overwhelmed by evidence of complaints of other misconduct made by other people, concerning other officers, at other places and times. As Judge Aspen noted in granting a similar motion for bifurcation:

> We believe that there is a real "danger that evidence admissible on the issues relating to conduct by the City…will contaminate the mind of the finder of fact in its consideration of the liability of the other defendant[s]." As demonstrated by Plaintiffs' complaint and

> discovery requests, Plaintiffs intend to prove their *Monell* claim, at
> least in part, through the introduction of evidence regarding alleged
> acts of police misconduct committed by non-party officers. We
> think a substantial risk exists that such evidence would be
> prejudicial to Defendant officers in their attempts to defend
> themselves against Plaintiffs' claims and conclude that bifurcation
> of the *Monell* claim is a proper means to combat this potential
> prejudice.

*Ojeda-Beltran v. Lucia*, 2008 WL 2782815, at *3 (N.D. Ill. 2008).

7.      Creation of undue prejudice against Adreani would be an inevitable result of
plaintiff's *Monell* claim. The foundation for the *Monell* claim is the alleged misconduct by other
Chicago police officers against other citizens. (*See, e.g.* Amended Complaint, Dkt. # 29 at ¶¶
65-68). As Judge Aspen stated, the risk of unfair prejudice caused to an individual defendant by
permitting evidence of non-party officers to prove these alleged policies is substantial and would
significantly undermine Adreani's ability to receive a fair trial. Bifurcation of the *Monell* claims
is a proper means to combat this potential prejudice.

### C.      Bifurcation will not affect plaintiff's recovery of any compensatory damages to which he may be entitled.

8.      Bifurcation and a stay of discovery and trial as to plaintiff's *Monell* claims do not
affect his recovery of any compensatory damages that a jury may award. To the extent Adreani
was acting within the scope of his employment during his involvement with plaintiff, the City
would have both a statutory and a contractual obligation to indemnify him for any judgment (*see,
e.g.*, 745 ILCS 10/9-102), while as a matter of law, plaintiff is not entitled to recover any
additional compensatory damages if he prevails against the City on his *Monell* claim after a
finding of liability against Adreani. *See Spanish Action Committee of Chicago v. City of
Chicago*, 766 F.2d 315, 321 (7th Cir. 1985). Although litigation of the *Monell* claim provides no

monetary gain to plaintiff himself, such litigation does generate often substantial attorney fees

under § 1983 that accrue solely to plaintiff's counsel.  As articulated by the late Judge Moran:

> [W]e are often unsure of the impetus behind alleging *Monell*
> claims in cases such as this one * * * [C]laims of municipal
> liability require an extensive amount of work on the part of
> plaintiff's attorneys and experts, and an extraordinary amount of
> money must be spent in order to prepare and prove them.  But to
> what end?  If the plaintiff prevails against the officer on a § 1983
> claim, he or she is not likely to want to or need to proceed any
> further, at least in this district and state.  An Illinois statute directs
> local governments to pay tort judgments for compensatory
> damages for which its employees are liable, see 745 ILCS 10/9-
> 102; the Seventh Circuit has held that this statute permits the §
> 1983 plaintiff to bring a claim directly against the municipality and
> obtain a judgment requiring the municipality to pay the amount
> due to the plaintiff from the officer.  Nor do we believe the
> municipality is more likely to be deterred when sued in its own
> capacity given that *Monell* claims rarely make it to trial.
> Furthermore, even if the city is found liable, punitive damages are
> not an available remedy.  (Citations omitted).

*Moore v. City of Chicago*, 2007 WL 3037121, at *9 (N.D. Ill. Oct. 15, 2007).  Limiting this case

to the litigation of only those claims that may afford plaintiff whatever monetary compensation

he may be entitled serves as an additional basis for this Court to grant the City's motion.

> **D.     A significant number of courts in this district have granted similar motions
> for bifurcation.**

9.     As the court in *Ojeda-Beltran* noted, many district courts have granted similar

motions for bifurcation.  *Ojeda-Beltran*, 2008 WL 5244616, at *1-2.  *See Elrod v. City of

Chicago*, 06 C 2505 (Brown, M.J.); *Simmons v. City of Chicago*, 04 C 3742 (Mason, M.J.);

*Butko v. City of Chicago*, 07 C 4207 (Guzman, J.); *Abner v. City of Chicago*, 07 C 5773 (same);

*Mosby v. O'Connor*, 07 C 3248 (same); *Parker v. Banner*, 05 C 6378 (Zagel, J.); *Booker v. City

of Chicago*, 04 C 6371 ("Report and Recommendation") (Keys, M.J.); *Booker v. City of Chicago*

(adoption of Judge Keys' recommendation to bifurcate trial and discovery relating to the

plaintiff's *Monell* claims) (Filip, J.); *Hernandez v. City of Chicago*, 06 C 6998 (Conlon, J.); *Hill v. City of Chicago*, 06 C 6772 (St. Eve, J.); *Bailey v. City of Chicago*, 07 C 204 (Conlon, J.); *Ferrell v. Soto*, 06 C 5382 (St. Eve, J.); *Paine v. City of Chicago*, 06 C 3173 ("Report and Recommendation") (Valdez, M.J.); *Paine v. City of Chicago*, 06 C 3173 (adoption of Judge Valdez's recommendation to bifurcate trial and discovery relating to plaintiff's *Monell* claims) (Kendall, J.); *Patterson v. Burge*, 03 C 4433 (Gottschall, J.); *Coffie v. City of Chicago*, No. 05 C 6745 (Holderman, J.); *Warfield v. City of Chicago*, 05 C 3712 (Castillo, J.).

10.     Additional support for this motion is provided by two opinions from courts in this district.  Bifurcation of the *Monell* claims was embraced as a means of promoting significant efficiency and economy of discovery and litigation in *Almaraz v. Haleas*, 602 F. Supp. 2d 920 (N.D. Ill. 2008), and *Cruz v. City of Chicago*, 2008 WL 5244616 (N.D. Ill. 2008).  Plaintiff in *Almaraz* and *Cruz* claimed the defendant police officer violated their constitutional rights by falsely arresting them for DUI.  The *Almaraz* and *Cruz* matters involve broad, wide-ranging *Monell* allegations against the City, and the City in those cases filed motions to bifurcate the § 1983 claims and stay discovery and trial on those claims.  Judge Hart in *Almaraz* and Judge Dow in *Cruz* granted the City's respective motions to bifurcate.  In *Almaraz*, Judge Hart noted that bifurcation of *Monell* would result in a significant efficiency and economy of discovery and litigation: "[B]ifurcating the *Monell* issue is likely to save substantial litigation time and expenses both initially and, in the long run, because it is also likely to result in there ultimately being no need to conduct discovery or resolve further issues regarding *Monell*."  *Almaraz*, 602 F. Supp. 2d at 926.  Similarly in *Cruz*, Judge Dow granted the motion, finding that bifurcation and a stay were appropriate in the interests of convenience and efficiency.  *Cruz*, 2008 WL 5244616, at *2.

## CONCLUSION

11.     Granting the City's motion will promote significant efficiency and economy of discovery and litigation.  Not only will burdensome discovery be avoided, there will be no need for a lengthy and complicated trial on the City's *Monell* liability that would clearly dwarf a shorter trial on the claims against Adreani – the only claims for which plaintiff can be compensated for his alleged constitutional injuries as based on the allegations of his current pleadings.

WHEREFORE, Defendant, City of Chicago, respectfully asks this Court to (1) bifurcate plaintiff's § 1983 *Monell* claims against the City of Chicago pursuant to Rule 42(b); and (2) stay both discovery and trial on those claims.

Dated: September 22, 2011

Respectfully submitted,

John A. Adreani and City of Chicago

By:     /s/ Johner T. Wilson III
        Johner T. Wilson III
        Daley Mohan Groble, P.C.
        55 West Monroe, Suite 1600
        Chicago, Illinois 60603
        Telephone: 312.422.9999
        Attorney No. 6278797

## CERTIFICATE OF SERVICE

Johner T. Wilson III, an attorney, hereby certifies that before 11:59 p.m. on September 22, 2011 I served a copy of the foregoing **CITY OF CHICAGO'S MOTION TO BIFURCATE** upon the following attorney(s) of record by utilizing this Court's CM/ECF filing system:

> Christopher Mickus
> Brian Cohen
> Seth Lamden
> Sarah Malia
> Neal Gerber Eisenburg
> Two North LaSalle St.
> Suite 1700
> Chicago, Illinois 60602

/s/ Johner T. Wilson III
Johner T. Wilson III
Daley Mohan Groble, P.C.
55 West Monroe, Suite 1600
Chicago, Illinois 60603
Telephone: 312.422.9999
Attorney No. 6278797
